**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RICHARD LUNDBERG on his own behalf and on behalf of those similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>FEDERAL EXPRESS CORPORATION<br><br>Defendant. | Case No.: 1:22-cv-00167-VSB<br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

  It is hereby STIPULATED and agreed by and between counsel for Plaintiff Richard Lundberg and Defendant Federal Express Corporation, as follows:

  1. This Stipulated Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by any party in response to informal discovery requests, deposition testimony, matters in evidence and computerized records (collectively, "Records"), including information contained in such Records, that the disclosing party designates as "Confidential" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action.

  2. In designating Records as "Confidential," a party shall make such a designation of "Confidential" for all information or material, and any copies thereof, produced for or disclosed to a receiving party by a producing party-including any party to this action and any non-party producing information voluntarily or pursuant to a subpoena or a court order—that it in good faith believes constitutes information falling under the categories set forth in paragraph 3 below, or otherwise contains information that should be filed under seal and the producing party intends to

seek such relief from the Court, or that the party is otherwise required to keep confidential by agreement or law, whether embodied in physical objects, documents, or the factual knowledge of person, and that has been so designated by the producing party. Confidential Records and the information contained therein shall be used solely for the purpose of conducting this litigation and not for any other purpose.

       3.       The definition of "Confidential" shall include the two categories of information designated by Rule 5.2 of the Federal Rules of Civil Procedure and the Southern District's ECF Privacy Policy which include social security numbers, names of minor children, financial account numbers, home addresses, any other personal identifying number, medical records including information regarding treatment and diagnosis, employment history if not otherwise in the public domain, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government.

       4.       Confidential Records shall not include any document, information or other materials which:

            a.     are, at the time of disclosure, in the public domain by publication or otherwise;

            b.     the parties, at the time of disclosure, intend to make part of the public domain;

            c.     have been, or become, part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party; and

       5.       Records designated as "Confidential" may be disclosed only to the following person:

    a. The attorneys working on this action on behalf of any party, including in-house attorneys;

    b. Any paralegals, assistants, stenographic and clerical employees, translators, mediators, or any other professional retained by legal counsel for any party to assist or provide services related to this matter;

    c. Any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this litigation;

    d. Any person not employed by a party who is expressly retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

    e. Any witnesses who appear for deposition in this matter, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the Records confidential; and

    f. The Court;

    g. Members of the Jury, including any alternate jurors.

  6. The persons described in paragraph 5(d) shall have access to the Confidential Records and information once they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "Acknowledgment." The other persons described in Paragraph 5 shall have access to the Confidential Records and information pursuant to the terms of this Order without signing a copy of the annexed "Acknowledgment." The persons receiving Confidential Records and/or information are enjoined from disclosing it to any other person, except in conformance with this Order.

7. The recipient of any Confidential Records and/or information that is provided under this Order shall maintain such Records and/or information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such Records and/or information as is exercised by the recipient with respect to the recipient's own proprietary information.

8. Parties shall designate Confidential Records as follows:

a. In the case of Records produced pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, initial disclosures, interrogatory answers, responses to requests for admissions, responses to requests for production, and the information contained therein, designation shall be made by placing the following legend on any such Record prior to production: "Confidential." In the event that a party inadvertently fails to stamp or otherwise designate a Record as "Confidential" at the time of its production, that party shall notify the receiving party after discovery of such error to so stamp or otherwise designate the Record.

b. In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Records and/or information shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose Confidential Records and/or information the deponent has had access or the deponent's testimony relates, said counsel shall designate within thirty (30) days after counsel's receipt of the transcript. Unless so designated, any confidentiality is waived after the expiration of the 30-day period unless designated in writing as set forth above or otherwise stipulated or ordered. Notwithstanding the above, any exhibits that are already designated as "Confidential" and testimony about the information that is "Confidential" used during a deposition

need not be redesignated as "Confidential". Additionally, any testimony from the categories in paragraph 3 shall automatically be designated as "Confidential" and need not be redesignated.

9. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with the required notice. The burden of proving that Records and/or information have been properly designated as "Confidential" shall be on the party making such designation.

10. The parties shall follow the procedures set forth in Rule 5.B of Judge Broderick's Individual Rules & Practices in Civil Cases for requests to file documents under seal or with redactions.

11. In the event that any Confidential Record and/or information is used in any court proceedings in connection with this litigation, it shall not lose its "Confidential" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12. Nothing in this Order shall preclude any party to the lawsuit or their attorneys (a) from showing Records designated as "Confidential" to an individual who either prepared or reviewed the Records prior to the filing of this action, or (b) from disclosing or using, in any

manner or for any purpose, Records from the party's own files that the party itself has designated as "Confidential."

13. If Confidential Records are disclosed to anyone other than in a manner authorized by this order, counsel must immediately bring all pertinent facts relating to such disclosure to the attention of all other counsel and make every effort to prevent further disclosure.

14. Within sixty (60) days of the termination of litigation between the parties, including appeals, all Confidential Records and information, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, constitute attorney-work product, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be deleted or destroyed.

15. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party.

16. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions of this Order.

17. To the extent anything in this Order is contrary to the Court's Individual Rules, decisions and orders issued in this action, Local Rules, or the Federal Rules of Civil Procedure, those rules and decisions and orders shall be followed and shall supersede anything set forth in this Order.

18. The use of Confidential Records for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise. If any party wishes to maintain the confidentiality of any discovery materials in a hearing or at trial, it shall bear the responsibility of raising that issue with the Court.

IT IS SO STIPULATED

Dated: May 19, 2022

| | |
|---|---|
| By: /s/ Kara Miller<br>Kara Miller, Esq.<br>VIRGINIA & AMBINDER, LLP<br>40 Broad Street, 7th Floor<br>New York, New York 10004<br>Tel: (212) 943-9080<br>Fax: (212) 943-9082<br>kmiller@vandallp.com<br><br>*Attorneys for Named Plaintiff*<br>*and the Putative Class* | By: /s/ Christopher M. Ahearn<br>Christopher M. Ahearn (*pro hac vice*)<br>California Bar No. 239089<br>Federal Express Corporation<br>3620 Hacks Cross Rd., Bldg. B, 3rd Fl.<br>Memphis, Tennessee 39125<br>(949) 789-9090 (phone)<br>christopher.ahearn@fedex.com<br>Daniel T. French (*pro hac vice*)<br>Tennessee Bar No. TN0012<br>3620 Hacks Cross Rd., Bldg. B, 3rd Fl.<br>Memphis, Tennessee 38125<br>Telephone: (901) 434-8353<br>danielfrench@fedex.com<br><br>*Attorneys for Defendant* |

**IT IS HEREBY ORDERED** that the above Stipulated Protective Order shall stand as the Order of this Court.

Dated: _____June 29__, 2022

_____
Judge Vernon S. Broderick,
Southern District of New York

**Appendix 1**

**Acknowledgement**

_____ declares that:

I have read and believe I understand the terms of the Stipulated Protective Order dated _____, filed in the case captioned *Richard Lundberg, on his own behalf and on behalf of those similarly situated v. Federal Express Corporation*, Case No. 22-cv-00167 (VSB).  I agree to comply with and be bound by the provisions of the Stipulated Protective Order.  I understand that any violation of the Stipulated Protective Order may subject me to sanctions by the Court.  I submit to the jurisdiction of the U.S. District Court for the Southern District of New York for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: _____   _____
                  (Date)                                              (Signature)